IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
DUKHAN MUMIN,                    )
                                 )
            Plaintiff,           )       8:08CV204
                                 )
      v.                         )
                                 )
DR. BASHIR M. AHMED AMEJI;       )       MEMORANDUM OPINION
JUDY WEISS; JOHN CHAMBERS;       )
RICKY WILLIAMS; LISA MADIGAN;    )
WEXFORD HEALTH SOURCES, INC.;    )
LT. BROWN; OFFICER DIVAN; DR.    )
KAHN; PATRICIA SCOTT; DR.        )
ELYEA; ROGER WALKER, JR.;        )
MELODY J. FORD; MARY MILLER;     )
JAMES MARSHALL; DAVID R.         )
SMETZER; BARBARA HURT; JUDY      )
OAKLEY; OFFICER BEBB; OFFICER    )
COLLINS; KELLIE PETERSON; and    )
COUNSELOR PETERSON,              )
                                 )
            Defendants.          )
_____)
```

This matter is before the Court on defendant Lisa Madigan's ("Madigan") motion to change venue (Filing No. 6). In her motion, Madigan states that venue in this District is improper because "none of the events giving rise to this lawsuit occurred in Nebraska" and because "all of the defendants are residents of the State of Illinois." (*Id.* at CM/ECF p. 2.)

For federal claims, venue is proper:

> [O]nly in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to

> the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(a) and (b).

Further, "once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue." Beckley v. Auto Profit Masters, L.L.C., 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003) (citing Cohen v. Newsweek, Inc., 312 F.2d 76, 78 (8th Cir. 1963) and 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3826 (2d ed. 1986)). In determining whether venue is proper, all well-plead "allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits." Intercoast Capital Co. v. Wailuku River Hydroelectric Ltd. P'ship, No. 4:04-CV-40304, 2005 WL 290011, *5 (S.D. Iowa Jan. 19, 2005) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed. 2004)).

The Court has carefully reviewed the complaint. It is clear from plaintiff's allegations that all of the events giving rise to his claims occurred while he was incarcerated at Danville Correctional Center in Danville, Illinois (Filing No. 1 at CM/ECF pp. 5-6, 8-22). It is equally clear that no defendant resides in

-2-

this District and all have been served in either Illinois or Pennsylvania.  (*See* Filing Nos. 1, 4, 8, 11, 16, and 17.)  It appears that the only relationship between the State of Nebraska and the complaint is that plaintiff now resides in Nebraska (Filing No. 1 at CM/ECF p. 4).  However, plaintiff "was an Illinois resident at all times relevant" to the complaint.  (*Id.*)  Plaintiff has not submitted a response to the motion to change venue or anything else to "sustain venue" in this District.  In light of this, the Court agrees with Madigan that this District is not the proper venue for plaintiff's claims.

However, rather than dismiss a case for improper venue, "in the interest of justice," a district court may "transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Here, Madigan has requested that the Court transfer this case to the United States District Court for the Central District of Illinois (Filing No. 6 at CM/ECF p. 2).  Madigan asserts that venue in the Central District of Illinois is proper because all of the events in plaintiff's complaint took place in that district.  (*Id.*)  Plaintiff has not objected to the request for transfer, nor have any of the other defendants.  (*See* Docket Sheet.)  A review of the complaint shows that "a substantial part of the events or omissions giving rise to the claim occurred" in the Central District of Illinois.  28 U.S.C.A. § 1391(a) and (b).  Thus, venue is proper in the Central

District of Illinois and, in the interest of justice, the Court will transfer this matter to that district.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 25th day of August, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court